**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAMON HASKELL
ADC # 610783                                                                                                    PLAINTIFF


V.                                       5:08CV00307 JMM/HDY


SHELIA MOSES, Secretary, I.P.S., Delta
Regional Unit, Arkansas Department of Correction                                    DEFENDANT


**PROPOSED FINDINGS AND RECOMMENDATIONS**


**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

1

the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Delta Regional Unit of the Arkansas Department of Correction, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights to privacy had been violated when the Defendant released the nature of Plaintiff's convictions to other inmates at the unit. After carefully reviewing Plaintiff's allegations in his Complaint, in accordance with its screening function under 28 U.S.C. § 1915A, the Court recommends that Plaintiff's claims be dismissed with prejudice for failure to state a claim for relief.

## I. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a

governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

## II. Analysis of Plaintiff's Factual Allegations

Plaintiff states that on May 5, 2008, Defendant "exposed the nature" of his "crimes by making the entire Delta facility aware of my charges . . . plac[ing] myself and other inmates in great danger by doing so. She placed a lay-in sheet in every barracks with all inmates going before the parole board and listed their charges." He contends that this amounts to "defamation of [his] character" and he seeks damages for the "pain and suffering [and] mental anguish I had to endure due to possible altercation with other inmates."

While there is a constitutional right to the nondisclosure of certain types of private

information, *Whalen v. Roe*, 429 U.S. 589, 598-99 (1977)("the individual interest in avoiding disclosure of personal matters), criminal convictions do not fall into that category because this is not private information. *See Nilson v. Layton City,* 45 F.3d 369, 372 (10th Cir.1995)("Criminal activity is ... not protected by the right to privacy."); *Holman v. Central Arkansas Broadcasting Co*., 610 F.2d 542, 544 (8th Cir.1979)("[N]o right to privacy is invaded when state officials allow or facilitate publication of an official act such as an arrest."); *Baker v. Howard,* 419 F.2d 376, 377 (9th Cir.1969)(holding that constitutional right is not implicated even when police officers circulate false rumors that person has committed a crime).

The nature of the crimes for which Plaintiff has been convicted as an adult are readily available as public records: they can be found in the criminal docket files at the courthouse in the counties where he was convicted; they can be accessed on the Arkansas Department of Correction's website; and they can be obtained from the Arkansas and National Crime Information Centers. The information that Plaintiff would be appearing before the state parole board was similarly a matter of public record and a part of the minutes of their meeting, which could also be reviewed by the general public. As the Eighth Circuit noted in *Eagle v. Morgan*, 88 F. 3d 620, 625-26 (8th Cir. 1996), which held that the Plaintiff in that case had no right to privacy in an *expunged* conviction, this is information that by its very nature is within the public domain and in which Plaintiff has no legitimate expectation of privacy. *Id., citing Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975)("[T]he interests in privacy fade when the information involved already appears on the public record."), *quoted in McNally v. Pulitzer Publishing Co*., 532 F.2d 69, 77 (8th Cir.), *cert. denied*, 429 U.S. 855 (1976).

Furthermore, under the PLRA, codified at 42 U.S.C. § 1997e(e), no federal civil action may

be brought by a prisoner for mental or emotional injury without an accompanying physical injury. Plaintiff's Complaint states only that he has suffered mental anguish because he feared a *possible* altercation with other inmates.  "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir.1997).

Accordingly, the undersigned finds that Plaintiff has failed to prove a violation of his constitutional rights, and therefore his Complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that:

1)  Plaintiff's Complaint (docket entry # 2) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted; and

2)  Dismissal of this action constitute a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

DATED this   21   day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."